Name _KOUROSH POURMORADY, ESQ._

Address _6404 WILSHIRE BLVD. SUITE 1001_

_Los Angeles, CA 90048_

Telephone _323-782-8374_          (FAX) _323-782-1359_

Email Address _KPLAWYER@AOL.COM_

☒ Attorney for Debtor

State Bar No. _195858_

☐ Debtor in Pro Se    (Any reference to the singular shall include the plural in the case of joint debtors.)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years:<br><br>GLORIA ELIZABETH ARGUETA | Chapter 13 Case No.: _2:12-BK-33592_<br><br>*Amended*<br>CHAPTER 13 PLAN<br><br>CREDITORS' MEETING:<br>Date: _11-01-2012_<br>Time: _10:00AM_<br>Place: _725 S. FIGUEROA ST. room 103, LOS ANGELES, CA 90017_<br>CONFIRMATION HEARING:<br>Date: _1-17-2013_<br>Time: _10:00AM_<br>Place: _255 E. TEMPLE ST., CRTRM 1575, LOS ANGELES, CA 90012_ |
|---|---|

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. §1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009

**F 3015-1.1**

Chapter 13 Plan (Rev. 12/09) - Page 2                                                                                           2009 USBC, Central District of California

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

**I. PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE**

The Debtor submits the following to the supervision and control of the Chapter 13 Trustee:

A. Payments by Debtor of $_111.00_____ per month for _36_ months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

B. The base plan amount is $_3,996.00_____ which is estimated to pay _4.00_% of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

C. Amounts necessary for the payment of post petition claims allowed under 11 U.S.C. §1305.

D. Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| NONE | | | |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

E. Other property: _NONE_____
(specify property or indicate none)

**II. ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
Except as otherwise provided in the Plan or by court order, the Chapter 13 Trustee shall disburse all available funds for the payment of claims as follows:

A. ORDER OF PAYMENTS:

1. If there are Domestic Support Obligations, the order of priority shall be:

    (a). Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

    (b). Administrative expenses (Class 1(a)) in an amount not exceeding _____ % of each Plan Payment until paid in full;

Chapter 13 Plan (Rev. 12/09) - Page 3                                                                 2009 USBC, Central District of California

2. If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses ( Class 1(a)) in an amount not exceeding __100__ % of each Plan Payment until paid in full.

3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

4. Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5. No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

B. CLASSIFICATION AND TREATMENT OF CLAIMS:

### CLASS 1
### ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507

The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4).

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|
| **a. Administrative Expenses** | | | | | |
| (1) Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2) Attorney's Fees | $0.00 | | $0.00 | 12 | $0.00 |
| (3) Chapter 7 Trustee's Fees (Specify Trustee Name) *NONE* | | | | | |
| (4) Other *NONE* | | | | | |
| **b. Other Priority Claims** | | | | | |
| (1) Internal Revenue Service | *NONE* | | | | |
| (2) Franchise Tax Board | *NONE* | | | | |
| (3) Domestic Support Obligation | *NONE* | | | | |
| (4) Other *NONE* | | | | | |
| **c. Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name):** | | | | | |
| *NONE* | | | | | |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.
Revised December 2009

F 3015-1.1

Chapter 13 Plan (Rev. 12/09) - Page 4    2009 USBC, Central District of California

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES AFTER THE FINAL PLAN PAYMENT IS DUE

1. ☐ The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☒ The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

__CHASE__
(name of creditor)

_____
(last 4 digits of account number)

__Chase__
(name of creditor)

__1204__
(last 4 digits of account number)

The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.

| Name of Creditor | Last Four Digits of Account Number | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|
| | | | Cure of Default | | | |
| NONE | | | | | | |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| NONE | | | | | | | |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009    F 3015-1.1

Chapter 13 Plan (Rev. 12/09) - Page 5                                                                 2009 USBC, Central District of California

## CLASS 4
### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1. ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_NONE_
(name of creditor)                                                                                                  (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.**

| Name of Creditor | Last Four Digits of Account Number | Cure of Default ||||
|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| NONE | | | | | | |

## CLASS 5
### NON-PRIORITY UNSECURED CLAIMS

The Debtor estimates that non-priority unsecured claims total the sum of $ _90,111.01_ .

Class 5 claims will be paid as follows:

(Check one box only.)

☒ Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐ Class 5 claims will be divided into subclasses as shown on the attached exhibit (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

### III. COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ _0.00_ which is estimated to pay _0.00_ % of the scheduled nonpriority unsecured debt.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.
Revised December 2009                                                                                                                F 3015-1.1

Chapter 13 Plan (Rev. 12/09) - Page 6                                           2009 USBC, Central District of California

## IV. PLAN ANALYSIS

|  |  |
|---|---|
| CLASS 1a | $0.00 |
| CLASS 1b | $0.00 |
| CLASS 1c | $0.00 |
| CLASS 2 | $0.00 |
| CLASS 3 | $0.00 |
| CLASS 4 | $0.00 |
| CLASS 5 | $3,596.40 |
| SUB-TOTAL | $3,596.40 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise) | $399.60 |
| TOTAL PAYMENT | $3,996.00 |

## V. OTHER PROVISIONS

A. The Debtor rejects the following executory contracts and unexpired leases.

   NONE

B. The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):

   NONE

C. In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:

   NONE

D. The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)

   NONE

E. The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

Chapter 13 Plan (Rev. 12/09) - Page 7        2009 USBC, Central District of California

F. Miscellaneous provisions: (Use Attachment, if necessary)

    F. MISELLANEOUS PROVISIONS

    1. Addendum to Chapter 13(F3015-1.1A)is attached.

    2. On August 31, 2012, the Court granted debtor's Motion to avoid junior lien under Section 506(a) of the Code to value the claim of SECOND TRUST DEED, CHASE BANK HOME EQUITY LINE and strip the lien on the property. Therefore, no payment will be made to this lender under the plan.

    3. Creditor or its servicer shall apply the direct mortgage payment paid by the debtor to the first post petition month that is due, whether or not such payments are immediately applied to the loan or placed into some type of suspense account. The payments disbursed by the Trustee to the creditor and/or its servicer shall be applied and credited to the amount necessary to cure the pre-petition default, which shall be referred to as the "arrears" for the purposes of this plan. The arrers shall be the amount specifically itemized in the creditor and/or its servicer's proof of claim, provided the amounts are authorized and properly assessed under the terms of the note and mortgage, unless the debtors at any time dispute that amount, in which case the arrears will be the amount ultimately decided by the Court or agreed to by the parties. No payments received during this case by creditor and/or its servicer from the Debtor(s), or the Trustee shall be applied and credited except as directed and required by this plan and the attached addendum.

    4. Debtor(s) retain and reserve for themselves and the estate any and all pre-petition and post- petition claims that they could or might assert against any party or entity arising under any state or federal and nothing in this Plan, or in the schedules shall be deemed a waiver of any such claims or causes of actions.

    5. Confirmation of this plan does not bar a party in interest from objecting to any proof of claim that is not filed in strict compliance with Federal Bankruptcy rules 3001 or 3002. Furthermore, to the extent a filed proof of claim is inconsistent with this plan, or with any of the Schedules or statements filed in this case, the Debtor(s0 reserve the right to object and to pursue all legal claims related to m or arising out of the transaction giving rise to said claim(s).

    6. debtor hereby surrenders and has surrendered the property located at 10156 east 25th street, tulsa, Oklahoma 74129.

    Addendum to Chapter 13 Plan (F 3015-1.1A) is attached

G. The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

H. The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I. The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled (*specify*): <u>AMENDED CHAPTER 13 PLAN</u>

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) <u>01/13/2013</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 01/13/2013 | JONATHAN MERIDA | *[signature]* |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**MAILING LIST**

KATHY A. DOCKERY, TRUSTEE
700 S. FLOWER ST., STE 1950
LOS ANGELES, CA 90017

HONORABLE JUDGE SANDRA R. KLEIN
255 E. TEMPLE ST., DEPT 1575
LOS ANGELES, CA 90012

JP MORGAN/CHASE
CT CORPORATION SYSTEM
818 W. SEVENTH ST.,
LOS ANGELES, CA 90017

ALLIED INTERNATIONAL CREDIT
Acct#: 7859
P.O. BOX 1259
Oaks, PA  19456


ASSOCIATED RECOVERY SYSTEMS
Acct#: 5177
P.O. BOX 463023
Escondido, CA  92046


BANK OF AMERICA
Acct#: 5177
P.O. BOX 53150
Phoenix, AZ  85072-3150


BANK OF AMERICA
Acct#: 3307
P.O. BOX 85001
Dallas, TX  75285-1001


BANK OF AMERICA
Acct#: 2228
P.O. BOX 15726
Wilmington, DE  19886-5726


BANK OF AMERICA
Acct#: 5023
P.O. BOX 85001
Dallas, TX  75285-1001


Bank Of America, N.a.
Acct#: 7854
450 American St
Simi Valley, CA  93065


Bank Of America, N.a.
Acct#: 7838
450 American St
Simi Valley, CA  93065

BECKET AND LEE, LAW OFFICE
Acct#: 9763
16 GENERAL WARREN BLVD
Malvern, PA  19355


Cap One
Acct#: 8156
Po Box 85520
Richmond, VA  23285


CAPITAL MANAGMENT
Acct#: 7559
726 EXCHANGE STREET
SUITE 700
Buffalo, NY  14210


CAVALRY PORTFOLIO SERV
Acct#: 1712
7 SKYLINE DR STE 3
HAWTHORNE, NY  10532


CBE PROPERTIES LLC
Acct#: 0710
500 S. DENVER AVENUE, RM 323
Tulsa, OK  74103


Chase
Acct#: 9981
Po Box 901039
Fort Worth, TX  76101


CHASE
Acct#: 0538
P.O. BOX 24696
Columbus, OH  43224


Chase
Acct#: 1204
10790 Rancho Bernardo Rd
San Diego, CA  92127

Chase Bank Usa N.a.
Acct#: 1651


CHASE HOME FINANCE LLC
Acct#: 8255
PO BOX 9001871
Louisville, KY   40290-1871


Chase Manhattan Mtge
Acct#: 9268
3415 Vision Dr
Columbus, OH   43219


Chase Manhattan Mtge
Acct#: 8805
3415 Vision Dr
Columbus, OH   43219


Chase Manhattan Mtge
Acct#: 3690
3415 Vision Dr
Columbus, OH   43219


CONSTAR FINANCIAL SERVICES
Acct#: 1712
3561 W. BELL RD
Phoenix, AZ   85053


CREDIT SYSTEMS
Acct#: 8788
P O BOX 1088
ARLINGTON, TX   76004


Discover Fin Svcs Llc
Acct#: 7559
Po Box 15316
Wilmington, DE   19850


Hsbc Bank Nevada   Or
Acct#: 1712

HUBERT H. HUMPHREY
Acct#: 0628
P.O. BOX 74929
Los Angeles, CA  90004


HUBERT H. HUMPHREY
Acct#: 0609
P.O. BOX 74929
Los Angeles, CA  90004


JCPENNY
Acct#: 9763
P.O. BOX 981131
El Paso, TX  79998-1131


JP MORGAN CHASE
Acct#: 7859
P.O. BOX 1259
Oaks, PA  19456


L.A. DEPT OF HEALTH CARE SVCS
Acct#: 4307
12021 South Wilmington Avenue
Los Angeles, CA  90059


LAC M L. KING/DREW
Acct#: 4307
P.O. BOX 74929
Los Angeles, CA  90004


LITTON LOAN SERVICING
Acct#: 6519
4828 LOOP CENTRAL DRIVE
Houston, TX  77081-2166


Mcydsnb
Acct#: 1820
9111 Duke Blvd
Mason, OH  45040

Mcydsnb
Acct#: 2220
9111 Duke Blvd
Mason, OH    45040

NATIONWIDE CREDIT, INC
Acct#: 7559
1150 EAST UNIVERSITY DRIVE
1ST FLOOR
Tempe, AZ    85281

NORTHLAND GROUP INC.
Acct#: 8156
P.O. BOX 390846
Minneapolis, MN    55439

Oklahoma Natura
Acct#: 8788

OXFORD MANAGMENT SERVICES
Acct#: 7859
P.O. BOX 1991
Southgate, MI    48195

PINNACLE CREDIT SERVIC
Acct#: 0538
7900 HIGHWAY 7 # 100
SAINT LOUIS PARK, MN    55426

PLAZA RECOVERY ASSOCIATES
Acct#: 8156
PO BOX 2769
New York, NY    10116-2769

PORTFOLIO RECOVERY ASSOCIATES
Acct#: 1712
P.O. BOX 12914
Norfolk, VA    23541

PORTFOLIO RECVRY&AFFIL
Acct#: 1651
120 CORPORATE BLVD STE 1
NORFOLK, VA  23502


PROFESSIONAL RECOVERY SERVICES
Acct#: 9981
P.O. BOX 1880
Voorhees, NJ  08043


PROFESSIONAL RECOVERY SERVICES
Acct#: 7859
P.O. BOX 1880
Voorhees, NJ  08043


Specialized Loan Servi
Acct#: 1726
8742 Lucent Blvd Ste 300
Highlands Ranch, CO  80129


USCB INC
Acct#: 0628
P.O. BOX 74929
Los Angeles, CA  90004


USCB INC
Acct#: 0609
P.O. BOX 74929
Los Angeles, CA  90004


USCB, INC.
Acct#: 3507
P.O. BOX 74929
Los Angeles, CA  90004


VAN RU CREDIT CORP
Acct#: 2220
1350 E. TOUHY AVEN
SUITE 100E
Des Plaines, IL  60018

```
VAN RU CREDIT CORP
Acct#: 1820
1350 E. TOUHY AVEN
SUITE 100E
Des Plaines, IL   60018
```